# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs June 21, 2016

## CHRISTOPHER LEWIS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Putnam County**
**No. 100875   David A. Patterson, Judge**
_____

**No. M2015-01198-CCA-R3-PC – Filed October 31, 2016**
_____

TIMOTHY L. EASTER, J., concurring.

I unenthusiastically agree with the conclusion reached by the majority. The legal soundness and logical result reached by the post-conviction court effectively delivers a wound to Petitioner by the hand of his out-of-state post-conviction attorney. Such a wound is a mortal shot to Petitioner's chances of post-conviction review.

I write separately to clearly state that, in my view, the post-conviction court was true to the law and its clear meaning. "Shall" means "shall." *See* T.C.A. § 40-30-104(e); Tenn. Sup. Ct. R. 28 §5(E)(2) & §6(C)(3)(4). The post-conviction court understood this directive and so do I. However, weighing post-conviction counsel's misfire against the injustice to Petitioner, Petitioner should be allowed to reload and try again.


_____
TIMOTHY L. EASTER, JUDGE